UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

| | |
|---|---|
| CHANA CRYSTAL, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT** |
| J.P. MORGAN CHASE BANK, | |
| Defendants. | |

-----------------------------------------------------------------X

Plaintiff, CHANA CRYSTAL ("Plaintiffs"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant, J.P. Morgan Chase Bank (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff CHANA CRYSTAL is a resident of the State of NEW JERSEY, residing at 413 9th Street, Apt. 16A, Lakewood, New Jersey 08701.

3. Defendant J.P. Morgan Chase Bank a New York corporation with an address located at 270 PARK AVENUE NEW YORK, NEW YORK 10017.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC Section 227, *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about August 17th, 2016, Defendant began communicating with Plaintiff by means of autodialed telephone calls, emails and texts to the Plaintiff's mobile telephone numbers of 848-238-5553 and 848-238-5554. The Plaintiff was receiving these calls regarding her husband's account.

8. On October 16, 2016 the Plaintiff called into the Defendant and was connected with a female representative named "Alice." The Plaintiff gave the representative her name.

9. The Plaintiff explained it was her husband's account but she was receiving calls from the Defendant. She also stated that she did not know his social security number.

10. The representative then asked for the Plaintiff's husbands mother's maiden name, which the Plaintiff did not know either. So, the representative decided to try the Plaintiffs mother's maiden name but that did not give her access to the account.

11. The representative placed the Plaintiff on hold and when she came back she asked for the Plaintiff's husbands date of birth but that did not let her verify the account either. The representative then asked if the Plaintiff's husband was available to call but the Plaintiff stated" No".

12. The Plaintiff then asked not to be contacted on her cell phones regarding her husband's account.

13. The representative confirmed not to call the numbers listed regarding the account and the Plaintiff agreed. She (the Plaintiff) then repeated do not call my cell phone.

14. The representative said she would put a note on the account.

15. The Plaintiff informed the representative there were two phone numbers that needed to be removed and gave them both to the representative.

16. The representative noted the account and informed the Plaintiff it was taken care of and the call was concluded.

17. Since October 16, 2016, there have been at least 43 calls and 544 texts made by the Defendant to the Plaintiff.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for

emergency purposes or made with the prior consent of the called party) using any

automatic telephone dialing system or artificial or prerecorded voice---(iii) to any telephone

number assigned to a paging service, cellular telephone service, specialized mobile radio service, or

other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

20. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

21. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

22. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

23.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.   For statutory damages provided and pursuant to 47 USC Section 227 et.seq.

B.   For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

C.   A declaration that the Defendant's practices violated the TCPA;

D.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      July 11, 2017

Respectfully submitted,

_____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiff* CHANA CRYSTAL

To:   CHASE BANK
      270 PARK AVENUE

NEW YORK, NY 10017

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
*(Via Electronic Court Filing)*